UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OUSMANE BAH,<br><br>  Plaintiff,<br><br>v.<br><br>APPLE INC., and<br>SECURITY INDUSTRY SPECIALISTS, INC.,<br><br>  Defendants. | CIVIL ACTION<br>NO. 1:21-cv-10897-RGS |

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT
SECURITY INDUSTRY SPECIALISTS, INC. PURSUANT TO FED. R. CIV. P. 12(b)(6)

INTRODUCTION

This case concerns two 2018 shoplifting incidents at Apple retail stores in Massachusetts. These were part of a series of thefts by plaintiff's "friend" (Complaint, ¶ 91), who misidentified himself as plaintiff. The thefts took place between May and December 2018, when the misidentification was unmasked.

Plaintiff has sued Apple and defendant Security Industry Specialists ("SIS"), which provided loss prevention services at some of the subject Apple stores. Plaintiff claims defamation, malicious prosecution, negligent misrepresentation and negligence arising out of the original misidentification and the alleged failure of SIS to unmask the deception sooner.

PROCEDURAL HISTORY

While Plaintiff filed his Complaint in this action on May 28, 2021, this matter has been extensively litigated since April 2019, when plaintiff brought suit in the United States

{00461495.DOC}

District Court for the Southern District of New York ("New York Action").[1] A motion to dismiss the Third Amended Complaint in that action is pending. That court previously dismissed claims related to events in Massachusetts and New Jersey for lack of jurisdiction.[2] *Bah v. Apple, Inc.*, 2020 WL 614932 (S.D.N.Y. Feb 10, 2020). Here, plaintiff alleges four Counts against SIS: 1) defamation, 2) malicious prosecution, 3) intentional "and/or" negligent misrepresentation; and 4) negligence. The Complaint contains many allegations that are part of the prior New York and/or New Jersey Actions, and not the Massachusetts claims. Some of these allegations contradict the record developed in those actions.[3] This has caused SIS to begin the process of moving for Rule 11 sanctions against the Plaintiff.

## FACTS AS ALLEGED

The following is based upon the allegations of the Complaint, which are accepted for purposes of this motion (citations are to paragraphs of the Complaint):

Plaintiff alleges that he obtained a New York State temporary learner's permit on March 26, 2018 (¶ 9) and that this permit went missing before May, 2018 (¶ 10).

On May 24, 2018[4] a SIS Loss Prevention Officer detained a person who stole merchandise from the Apple store in Paramus, New Jersey (¶¶ 17, 18). Plaintiff alleges "upon information and belief" that the apprehended individual (the "Impostor") was identified as "Ousmane Bah" and was carrying plaintiff's learner's permit (¶¶ 20, 22). The

---

[1] *Bah v. Apple, Inc., et als.*, Civil Action No. 19-cv-03539-PKC.

[2] Another action was brought in New Jersey in October 2020, *Bah v. Apple, Inc., et als.*, Civil Action No.: 20-cv-15018-MCA-MAH ("New Jersey Action"). Motions to dismiss are pending in that action.

[3] If SIS is not dismissed, a stay of this action in favor of the New York Action may lie under the prior pending action doctrine.

[4] Plaintiff also makes allegations concerning an April 2018 incident in Greenwich, Connecticut (¶¶ 11-16), but does not allege that SIS had any involvement in the incident itself.

"Impostor" was turned over to the Paramus Police Department, where he was questioned (¶ 25). Plaintiff has not alleged that Paramus Police either identified the "Impostor" as anyone other than "Ousmane Bah" or that they ever notified SIS or Apple of any mistake in identity. Plaintiff alleges that SIS subsequently linked the "Impostor" to prior thefts in New Jersey, identified him as "Ousmane Bah" to the police (¶ 27) and circulated "be on the lookout" notices with the "Impostor's" image and the name "Ousmane Bah" (¶ 28).

On May 31, 2018, the "Impostor" allegedly committed a theft at a Boston, Massachusetts Apple store (¶¶ 29, 33, 42). An SIS employee identified the "Impostor," allegedly from security video or photographic documentation from the prior thefts (¶¶ 31, 32) and filed a police report identifying the person allegedly responsible for the Boston theft as "Ousmane Bah" (¶ 37). After plaintiff appeared in court in June, 2018, his counsel made a request for the video of the theft, and that request was forwarded to Apple (¶ 64). There is no allegation that any matter was sought from SIS. Plaintiff alleges that months after, Apple produced a video that showed yet another person (¶ 66). Plaintiff has not alleged that this *second* individual was ever identified as Mr. Bah, or that SIS possessed this video. The charges related to the Boston incident later were dismissed by prosecutors (¶¶ 153, 154).

On December 1, 2018 SIS employees apprehended the "Impostor" attempting to steal merchandise from the Holyoke, Massachusetts Apple store (¶ 126) and identified him as "Ousmane Bah" (¶ 129). The "Impostor" was taken into custody by the Holyoke Police and fingerprinted; the fingerprints were forwarded to the FBI's National Criminal Identification Center which disclosed that the "Impostor" was plaintiff's admitted friend, Mamadou Barrie

(¶¶ 91, 131).[5]  Plaintiff has not alleged that the Holyoke Police or the FBI advised Apple or SIS of this identification.  Mr. Barrie was the only individual whom SIS had identified as "Ousmane Bah" (¶134).

Plaintiff alleges that, on December 12, 2018 a SIS employee was present when a different Ousmane Bah appeared in a New Jersey court.  His appearance differed from that of the person photographed during the theft and the charges against him were dismissed (¶¶142-143).  The SIS employee immediately advised the SIS Global Security Operations Center that the thief identified was not "Ousmane Bah" (¶ 145).

Plaintiff has not alleged that SIS or Apple identified the Impostor as Ousmane Bah for any subsequent thefts. Rather, Plaintiff alleges that Apple and SIS "allowed" prosecutions against Plaintiff to continue through June, 2019 (¶ 151) but does not allege that SIS or its agents ever appeared in court to offer testimony against him.

Plaintiff also claims that other thefts by the "Impostor" took place in Connecticut, New York and New Jersey during the second half of 2018 at various locations in New York, New Jersey and Connecticut (¶¶ 71-125, 137-152 and 155-166).  These are understood to be the subject of the New York and the New Jersey Actions.  Plaintiff also has made allegations regarding the use of facial recognition software by Apple (¶¶ 46-63) which does not concern SIS other than that it may have received such materials.

---

[5]  Plaintiff also alleges that, two weeks earlier, he had been arrested in connection with thefts at Apple stores in New York, but was released when it was determined that he did not match the photograph of the thief (¶ 120).  There is no allegation that SIS was advised of this before December 1, 2018.

ARGUMENT

    A.    <u>Rule 12(b)(6) Standard</u>

Under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To have "facial plausibility" a claim must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 556-57). A plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* If a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, *supra*, 550 U.S. at 570. A complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. *In re Celexa and Lexpro Marketing and Sales Litigation*, 769 F.Supp.2d.11, 13 (D. Mass. 2011).

    B.    <u>Plaintiff Has Not Adequately Alleged a Defamation Claim Against SIS (Count II)</u>

        1.    <u>Elements of Defamation and the Qualified and Common Interest Privileges in Massachusetts.</u>

A defamation claim in Massachusetts requires allegations that: (1) the defendant made a statement, concerning the plaintiff, to a third party; 2) that statement was defamatory such that it could damage the plaintiff's reputation in the community; 3) the defendant was at fault in making the statement; and 4) the statement either caused the plaintiff economic loss…or is actionable without proof of economic loss. *Alharbi v. TheBlaze, Inc.*, 199 F.Supp.3d 334, 351 (D. Mass. 2016), *citing Shay v. Walters*, 702 F.3d 76, 81 (1st Cir.2012).

Allegedly defamatory statements made to the police are subject to either an absolute or qualified/conditional privilege. *See Cornwell v. Dairy Farmers of Am., Inc.*, 369 F. Supp. 2d 87, 111 (D. Mass. 2005). Alleged defamatory statements made when a criminal investigation is underway and when a prosecution is contemplated or proposed are absolutely privileged. *Jones v. Scotti*, 2011 WL 4381919 *1,9 (D. Mass. 2011) *citing, Correllas v. Viveiros*, 410 Mass 314, 321-323 (Mass. 1991). In addition, a qualified or conditional privilege immunizes a defendant from liability unless he or she has acted with malice or unless there is unnecessary, unreasonable or excessive publication and the plaintiff establishes that the defendant published the information recklessly, with knowledge of its falsity or with reckless disregard for the truth. *Elicier v. Toys R Us, Inc.*, 130 F. Supp. 2d 307, 311 (D. Mass. 2001); *Foley v. Polaroid Corp.*, 400 Mass. 82, 95 (1987). This privilege applies to matters where the defendant went to the police, or communicated with others, on their own initiative and published an accusation that might otherwise have never been known. *Correllas, supra*, 410 Mass at 322.

There is a qualified or conditional privilege to publish defamatory material if the publication is reasonably necessary for the protection or furtherance of a legitimate business interest or where the publisher and the recipient have a common interest, and the communication is of a kind reasonably calculated to protect or further it. *Carmack v. National R.R. Passenger Corp.*, 486 F.Supp.2d 58,78 (D. Mass 2007) (citations omitted). Even statements that turn out to be incorrect do not negate the privilege, as long as the statements are related to that legitimate business interest. *Cornwell, supra*, 369 F. Supp. 2d at 111.

Here, Plaintiff has not alleged SIS published information about him recklessly. Plaintiff has not alleged that SIS intentionally made up the allegations or genuinely did not believe that the thief observed stealing merchandise was named or known as "Ousmane Bah." *Cornwell*, *supra*, 369 F. Supp. 2d at 112. Plaintiff has not alleged that before the December 12, 2018 New Jersey hearing (see above), SIS had access to information or documents that revealed the thief observed stealing merchandise was *not* in fact Mr. Bah. *Id.* Plaintiff has not alleged that SIS engaged in excessive publication of this information – it was disclosed only to law enforcement and other SIS employees. *Id.* Because Plaintiff has failed to plead facts sufficient to sustain a claim for defamation, and because Plaintiff has failed to plead facts sufficient to undermine SIS's privilege to publish information about him, this claim may properly be dismissed pursuant to Rule 12(b)(6). *See Higgins v. State St. Corp.*, 323 F. Supp. 3d 203, 206 (D. Mass. 2018).

2. Applicability of the Privileges.

Plaintiff has alleged (Count II, ¶180) that SIS defamed him by making statements to other SIS personnel, Apple employees, and law enforcement personnel. Because the recipients of the alleged statements are law enforcement officers or have a "common" and "legitimate business interest" to prevent/investigate shoplifting in Apple stores, the qualified and common interest privileges apply[6]. The Plaintiff's claim for defamation against SIS therefore fails as a matter of law without sufficient pled facts to overcome the qualified and common interest privilege. *See Cornwell*, *supra*, 369 F. Supp. 2d at 111.

---

[6] Paragraph 28 alleges "upon information and belief" that "be on the lookout" notices are sent electronically to Apple store employees, police departments and "other parties". Reference to "third-parties" is also contained elsewhere in the Complaint (i.e., ¶ 168) all without a scintilla of specifics as to when or to whom such notices were distributed, or such statements were made. These speculative allegations fail to satisfy the minimal pleading requirement under *Twombly*, *supra*, at 570.

### 3. Recklessness/Malice Adequate to Overcome Privileges Not Alleged.

Plaintiff contends that the statements made by SIS were not subject to privilege, as they were made with "reckless disregard to their truth or falsity" (¶183). The facts as alleged (or lack thereof) demonstrate that Plaintiff has not met his pleading burden.

The gravamen of the Plaintiff's Complaint is that false accusations were made against him concerning the May 31, 2018 theft at the Boston store and the December 1, 2018 theft at the Holyoke store (p.1, first unnumbered paragraph). Plaintiff alleges that the accusations were based on unreliable information and were part of a "chain reaction". (p.1, second unnumbered paragraph). The first link in that chain involves the allegation that SIS relied upon the "lost" temporary learner's permit in identifying the shoplifter as "Ousmane Bah" during the apprehension for the May 24, 2018 incident at the Paramus, NJ store (¶ 20). This was the first apprehension of the shoplifter by SIS.[7] Plaintiff alleges that the "Impostor" was carrying plaintiff's learner's permit (¶20) and that the physical description listed on that permit was inconsistent with the individual who was detained and then arrested (¶20), which should have given SIS pause in naming the individual "Ousmane Bah."

It is fatal to Plaintiff's entire theory that he relies on the misidentification in Paramus, NJ due to the learner's permit as the lynchpin for his claims against SIS because <u>this event never happened</u>:

> Apple and SIS' loss prevention and investigation practices falsely identifying the Plaintiff as the individual who committed thefts in Boston and Holyoke, MA, including their…disregarding conflicting evidence between the physical description of Bah on the temporary learner's permit and the physical characteristics of the actual thief…were individually and collectively unreasonable, reckless and occurred without regard to the truth or falsity of the claim made against Mr. Bah. (¶170)

---

[7] It is not alleged that SIS provides loss prevention services at the Greenwich, Connecticut Apple store, or that it had any involvement in an April 2018 incident at that location (¶11).

> At the time the Boston thefts occurred, as noted above, both Apple and SIS knew or were constructively aware that its identification of the thief as Bah was based on unreliable evidence. (¶35).
>
> [As it relates to the Holyoke theft] This false identification occurred, in part, not only through SIS' recklessness in initially misidentifying the impostor, but through its reckless failure to correct the misidentification. (¶128).

Although a district court generally does not consider matters extraneous to the pleadings when ruling on a motion to dismiss, it may properly consider the following without converting the motion into one for summary judgment: 1) documents of undisputed authenticity; 2) documents that are official public records; 3) documents that are central to the plaintiff's claim; and 4) documents that are sufficiently referred to in the complaint. *Nolet v. Armstrong*, 197 F.Supp.3d 298 n. 8 (D. Mass. 2016) (*citing Watterson v. Page*, 987 F.2d 1.3 (1st Cir. 1993). The Paramus Incident Report (Exhibit 1 hereto), from which specific facts are quoted and referenced in the Complaint (*i.e.*, ¶¶ 18, 19), squarely falls into the third and fourth categories. Further, plaintiff attached a copy of the purported "lost" learner's permit as Exhibit 1 to his Complaint.[8]

The Paramus Incident Report, Exhibit 1 hereto, documents that the apprehended shoplifter did <u>not</u> present an identification or driver's license. Specifically, the entries for the boxes for "Drivers License #" and "Other ID's" are "NA – [Not applicable]". *Id*. Under "Additional Items in Possession", the Report lists only indicated "car keys". *Id*. Further, the narrative section of the Report specifically states: "Ousmane Bah was searched for weapons, but did not have a DL [driver's license], so his information was <u>obtained verbally</u> and

---

[8] Personal identifier information and proprietary business information, none of which is relevant to the claims here, has been redacted from the report. This report, as redacted, previously was filed in the New Jersey Action on January 12, 2021, so plaintiff had this information months before he filed this complaint.

verified at PD." Exhibit 1 (emphasis added). The photographs of the merchandise and possessions found on the shoplifter, and attached to the incident report, do not include any learner's permit. Exhibit 1. There is no evidence that SIS relied on the temporary learner's permit when it identified the person detained in Paramus as "Ousmane Bah." It had no opportunity to observe a difference in the thief's physical appearance and the physical description of Plaintiff on that permit. The entire basis of Plaintiff's claims of recklessness by SIS falls apart because <u>SIS never saw or relied on the learner's permit</u>.

To establish recklessness, Plaintiff must plead facts that SIS made statements with knowledge of their falsity or with reckless disregard for the truth. *Sovie v. Town of N. Andover*, 742 F. Supp. 2d 167, 175 (D. Mass. 2010) (quoting *Foley*, *supra*, 400 Mass. at 95). Such reckless disregard exists only "when there is a high degree of awareness of probable falsity or serious doubt as to the truth of the statement." *Sovie*, *supra*, 742 F. Supp. 2d at 175 (quoting *Judd v. McCormack*, 27 Mass. App. Ct. 167, 176, (1989). Plaintiff makes no allegations that meet this threshold. He has not alleged that authorities notified SIS that the initial connection of the name "Ousmane Bah" with the shoplifter was not correct. Even if this Court were to decline to consider the Incident Report for the purpose of this motion, that key omission in the pleading negates the validity of any claim of reckless disregard for the truth that in turn is the basis of the entire Complaint.[9]

Plaintiff asserts confusing allegations to suggest that SIS "knew" or was "constructively aware" of other potential issues with the shoplifter's identity, going so far as to allege that up to five different individuals had been "described as" "Ousmane Bah" by

---

[9] The affidavit from the New York Action attached to the complaint concerned jurisdictional issues and that SIS did not provide services to Apple stores in New York City, a different issue.

January, 2019 (¶ 152). Plaintiff crucially has not plead that any individual aside from his friend, Mamadou Barrie, was ever linked by SIS or its employees to the subject thefts.[10]

Plaintiff also pleads, with an insufficient caveat of "upon information and belief" and "it is likely", that after he was arrested in New York for a theft at a Staten Island store for which SIS did not provide loss prevention services, and for which there is no allegation that it did so, SIS purportedly knew that Plaintiff had been arrested, knew that he was not the Staten Island thief nor the "Impostor," and knew that the New York Police Department had released the Plaintiff after comparing the video imaging from the Staten Island theft (¶ 123). This issue is for the pending New York Action, not here. Further, Plaintiff fails to plead a single fact as to when, by whom or by what method, the New York Police Department purportedly notified SIS of the arrest, misidentification or release or that this notification ever even occurred. Plaintiff instead makes a wholly conclusory supposition that SIS "knew" of the above (¶ 123). Again, this fails, as a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of anything more than the mere possibility of misconduct. *In re Celexa*, *supra* 769 F. Supp 2d at 13.

Finally, even if taken as true, the only shoplifting incident which is alleged to have occurred in Massachusetts after the above was the December 1, 2018 Holyoke incident (¶ 126), an event for which no action was taken against the plaintiff by the authorities, as the "Impostor" was apprehended and surrendered to the Holyoke Police, who conducted an independent investigation and discovered the Impostor's true identity - Plaintiffs acknowledged friend, Mamadou Barry (¶¶ 91, 126, 131). Consequently, Plaintiff has not

---

[10] Plaintiff appears to have asserted, and now abandoned this theory in the New York Action. Similarly, plaintiff has not pleaded any facts related to some of these individuals or their connection to events in Massachusetts, e.g., a "Montreal thief" (¶ 152(3)).

alleged sufficient facts to sustain his defamation claim because he was not prosecuted for this incident.

    C    Plaintiff Has Not Adequately Alleged a Malicious Prosecution Claim Against SIS (Count IV).

        1.    Elements of Malicious Prosecution in Massachusetts

A malicious prosecution claim requires: (1) the commencement or continuation of a criminal proceeding against the eventual plaintiff at the behest of the eventual defendant; 2) the termination of the proceeding in favor of the accused; 3) an absence of probable cause for the charges; and 4) actual malice. *Mercurio v. Town of Sherborn*, 287 F.Supp.3d 109 (D. Mass 2017), *citing Nieves v. McSweeney*, 241 F.3d 46, 53 (1st Cir. 2001). Plaintiff has failed to allege adequate facts as to the third and fourth elements and the claim must be dismissed.

        2.    The Complaint Establishes both Probable Cause and Lack of Malice.

The Complaint fails to plead adequately malice and a lack of probable cause, simply alleging that SIS identified to authorities a shoplifter named "Ousmane Bah." Those elements are intertwined. The malice element of malicious prosecution requires that the accuser knew there was no probable cause for the commencement of the action and that the accuser acted with an improper motive. *Gouin v. Gouin*, 249 F.Supp.2d 62, 71 (D. Mass 2003), *citing Beecy v. Pucciarelli,* 387 Mass. 589, 593 (1982). Probable cause is based on an objective standard, and a defendant's conduct must be adjudged by his honest and reasonable belief at the time of the institution of the criminal complaint rather than by what may turn out later to have been the actual state of things. *Gouin, supra* at 71; *Case v. Town of Wayland*, 383 F.Supp.3d 66, 83 (D. Mass 2019) (citations omitted).

The allegations of the Complaint establish the good faith of SIS. The Complaint affirmatively pleads that, in his initial encounter with SIS (Paramus, New Jersey), the "impostor" identified himself through interrogation and/or the leaner's permit, as "Ousmane Bah." The Complaint then essentially alleges that the Paramus police confirmed this identification. The Complaint does not allege a single actual instance of SIS affirmatively being advised of the mistaken identity before the December 12, 2018 court hearing in New Jersey, which is after the Boston and Holyoke thefts.

Plaintiff affirmatively alleges that only one individual ever was identified as "Ousmane Bah" by SIS for each of the shoplifting incidents at Apple stores (¶ 134) and does not plead "bad faith", to wit: that SIS initiated any further prosecutions against Ousmane Bah in this or any other jurisdiction after the December 12, 2018 court appearance (¶¶ 142, 149). The Complaint also does not allege any instance in which an SIS employee ever offered testimony connecting Plaintiff to any of the thefts.[11]

The first element is also undermined by the pleading as it relates to the Holyoke theft. The plain text of the Complaint confirms that no criminal proceeding was commenced against the plaintiff for the December 1, 2018 Holyoke incident, because the thief was apprehended, taken into custody by the Police fingerprinted and identified as plaintiff's friend, Mamadou Barrie (¶ 131).

Plaintiff also fails to allege any facts that SIS or its employees harbored any "malicious" motive to knowingly misidentify Plaintiff as the shoplifter, thereby allowing

---

[11] The contention in ¶ 159 that a SIS employee "intended" on prosecuting plaintiff at the June, 2019 court appearance in New Jersey is rank speculation and not supported by the plead outcome of that appearance and it does not involve a shoplifting incident in this jurisdiction. At most, this is an issue for the New Jersey Action, not this action.

another individual to remain free to continue his spree of thefts from stores for which SIS is charged with providing loss prevention.[12]

### 3. No "Exculpatory" Evidence Was Withheld

SIS does not at all concede as correct the narrative in the Complaint as to what requests were made by prosecutors in the respective jurisdictions and what or when responses were provided. However, accepting those pleadings as true for the purpose of this motion, what is relevant to the claims is what is revealed on the video reviewed by an SIS employee in Boston and if those images would overcome the qualified privileges by suggesting malice, knowledge of a false statement as to the identity of the shoplifter as "Ousmane Bah" or a reckless disregard for the truth.

Plaintiff has not alleged that the video of the Boston theft did not capture the image of plaintiff's friend, Mamadou Barrie. Rather, the Complaint alleges that the "Impostor" is seen on the video (¶ 77) and that this man, Mamadou Barrie, committed that theft (¶ 25). This is assumed for purposes of this motion to dismiss. Thus, as to SIS whether that video was routinely deleted or not is irrelevant to the claims at issue in this case.[13]

### D. The Intentional/Negligent Misrepresentation Claim (Count VI) Should Be Dismissed; There Was No Communication To Plaintiff

Plaintiff has not alleged that any representative of SIS made any statement to him, whether negligent or intentional, much less that he relied on such a statement to his detriment. His claims for intentional/negligent misrepresentation must be dismissed. To maintain a negligent misrepresentation action in Massachusetts, "a plaintiff must prove that

---

[12] This same lack of malice equally applies to defeat the Defamation claim.

[13] There is no allegation as to any involvement by SIS in the deletion of that video. `

the defendant (1) in the course of his business, (2) supplied false information for the guidance of others (3) in their business transactions, (4) causing and resulting in pecuniary loss to those others (5) by their justifiable reliance on the information, and that he (6) failed to exercise reasonable care or competence in obtaining or communicating the information." *Conley v. Roseland Residential Tr.*, 442 F. Supp. 3d 443, 459 (D. Mass. 2020).

Plaintiff's claim fails as alleged because he has not alleged that SIS or any of its employees ever spoke to or communicated with him, negligently or otherwise. The Complaint alleges that any purported misrepresentations were made directly to law enforcement or other SIS/Apple personnel, not Plaintiff. Plaintiff does not have standing to bring suit for statements made to SIS to law enforcement or other SIS/Apple personnel. Plaintiff cannot maintain a claim for negligent misrepresentation when SIS made no representations to him at all, at any time. *See Conley, id.*

Moreover, there is not a single allegation in the Complaint that SIS or its employees ever said anything that caused pecuniary loss to the parties to whom it spoke. Indeed, Plaintiff would not and could not claim that law enforcement officers suffered a pecuniary loss in business by anything said by SIS. Even if one were to take every single fact alleged in the Complaint as true, there is no factual basis to sustain a claim for negligent misrepresentation against SIS. As such, this claim should be dismissed because the Plaintiff has not plead sufficient factual support in his Complaint. *See Conley, id.*

### E. Dismissal of the Defamation and Malicious Prosecution Claims Extinguish the Negligence Claim (Count VIII).

Plaintiff's negligence claim simply restates the allegations in his defamation and malicious prosecution claim, *i.e.*: the alleged failure to conduct reasonable inquiry as to the thefts and failing to correct alleged false or misleading representations to law enforcement (Complaint ¶¶214 - 217). Plaintiff cannot recycle a failed claim for defamation into a negligence claim. *See Lemelson v. Bloomberg LP*, 253 F. Supp. 3d 333, 341 (D. Mass. 2017), aff'd sub nom. *Lemelson v. Bloomberg L.P.*, 903 F.3d 19 (1st Cir. 2018) (affirming dismissal of negligence count by a hedge fund manager against a news agency after he failed to sustain a defamation claim due to lack of actual malice and because a plaintiff cannot recycle a failed defamation claim into a negligence claim in order to escape constitutional restraints or seek a lower evidentiary burden).

Under Massachusetts law, a negligence plaintiff must prove: (1) a legal duty owed by the defendant to the plaintiff; (2) a breach of that duty; (3) proof that the breach was the proximate cause of the plaintiff's injuries; and (4) actual damage or injury. *Davis v. Prot. One Alarm Monitoring, Inc.*, 456 F. Supp. 2d 243, 249 (D. Mass. 2006). Plaintiff has not alleged at any point in his Complaint that SIS owed him a duty of any kind, much less how it acted in breach of that duty. Because Plaintiff has not alleged any facts sufficient to sustain a claim of negligence against SIS, and because this claim is clearly an attempt to take a second bite at the apple on his failed defamation claim, Count VIII of the Complaint should be dismissed. *See Lemelson*, 253 F. Supp. 3d at 341.

CONCLUSION

For the foregoing reasons, Defendant Security Industry Specialists, Inc., respectfully requests that this Court dismiss with prejudice those counts of the Complaint that assert claims against it, Counts II, IV, VI and VIII.

August 9, 2021                              By its attorneys,

                                        /s/ Paul Michienzie
Paul Michienzie, BBO# 548701
  pmichienzie@masatlaw.com
Noah A. Rabin, BBO# 682511
  nrabin@masatlaw.com
Michienzie & Sawin LLC
745 Boylston Street, Suite 501
Boston, Massachusetts 02116
Tel: 617-227-5660
Fax: 617-227-5882

Counsel for Defendant
Security Industry Specialists, Inc.

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that a true and correct paper copy of the foregoing will be sent those indicated as non-registered participants via first class mail, postage prepaid on this the 9th day of August, 2021.

                                        /s/ Paul Michienzie
Paul Michienzie