UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-10897-RGS

OUSMANE BAH

v.

APPLE INC. and
SECURITY INDUSTRY SPECIALISTS, INC.

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTIONS TO DISMISS
AND CROSS-MOTIONS FOR SANCTIONS

September 27, 2021

STEARNS, D.J.

Plaintiff Ousmane Bah brings state-law tort claims against defendants Apple Inc. (Apple) and its security contractor, Security Industry Specialists, Inc. (SIS), for falsely accusing him of theft. Although the thefts occurred in Apple retail stores in Pennsylvania, New Jersey, New York, Connecticut, and Massachusetts between April of 2018 and February of 2019, the only claims in this action relate to shoplifting incidents in Boston and Holyoke, Massachusetts in May and December of 2018, respectively. Bah alleges that defendants misidentified him from a stolen learner's permit and perpetuated that misidentification through facial recognition software. Apple and SIS now move to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

On March 26, 2018, Bah obtained a temporary learner's permit issued by New York State. *See* Compl. (Dkt # 1) ¶ 9. The temporary permit had no photograph, but included Bah's height, weight, date of birth, eye color, and the following disclaimer: "**THIS TEMPORARY DOCUMENT IS NOT VALID FOR IDENTIFICATION PURPOSES**." Compl. Ex. 1 (Dkt # 1-1). Bah's temporary permit went missing at some point prior to May of 2018, but by then he had received a permanent permit containing his photograph.

In April of 2018, an individual was detained in Greenwich, Connecticut, for stealing merchandise from one of Apple's retail stores. Apple identified the individual as Bah based on a temporary learner's permit "that was likely . . . Bah's." Compl. ¶ 12. The shoplifter, however, was not Bah, but rather Bah's "friend," Mamadou Barrie. *Id*. ¶ 91.[1] Barrie did not match the permit's physical description of Bah. For example, Barrie (6' 1") was half a foot taller than Bah (5' 7"). *See id*. ¶ 14. Bah alleges that that Apple

---

[1] Although Bah suggests that his identity was falsely attributed to multiple shoplifters, his Complaint alleges that the shoplifter involved in the Massachusetts thefts "was the same imposter who committed the Connecticut and New Jersey thefts." Compl. ¶ 33; *see also id*. ¶¶ 131-132, 134.

created a record from this incident identifying Barrie as Bah, which it circulated among its stores in the Northeast. *See id.* ¶ 15.

Bah alleges that SIS employee Steven Yhap apprehended Barrie, who "was carrying the above-referenced learner's permit," following a theft from an Apple store in Paramus, New Jersey, on May 24, 2018. *Id.* ¶ 20.[2] SIS mistakenly identified Barrie as Bah and reported Bah to the Paramus Police. SIS then sent "Be on the Lookout" notices based on the mistaken identification to other Apple stores and police departments.

Barrie continued to shoplift from Apple retail stores, including two in Massachusetts, throughout 2018.[3] On May 31, 2018, he stole twelve Apple Pencils, valued at roughly $100 each, from Apple's store on Boylston Street in Boston. Bah alleges that this theft was "discovered by Apple and/or SIS, likely through technological means," *id.* ¶ 29, specifically Apple's facial

---

[2] SIS asserts that "[i]t is fatal to Plaintiff's entire theory that he relies on the misidentification in Paramus, NJ due to the learner's permit as the lynchpin for his claims against SIS because *this event never happened*." SIS Mot. (Dkt # 13) at 8. However, the court cannot consider evidence at this stage, such as SIS's incident report of this theft, Ex. 1 to SIS Mot. (Dkt # 13-1), that is not "sufficiently referred to in the complaint," and is inconsistent with the Complaint's allegations. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

[3] Barrie's other alleged thefts took place in Apple stores in Cherry Hill and Freehold, New Jersey (September 18, 2018); Rockaway, New Jersey (October 18, 2018); Staten Island, New York (October 22 and 24, 2018); and Trumbull, Connecticut (October 28, 2018).

3

recognition database, which contained a record falsely identifying Barrie as Bah (based on the stolen learner's permit), *see id.* ¶¶ 32, 46-61. Based on the record, an Apple employee reported Bah as the thief to the Boston Police.

On December 1, 2018, SIS employees apprehended Barrie attempting to steal merchandise from Apple's store in Holyoke. *See id.* ¶ 126. When the Holyoke Police fingerprinted the culprit, the FBI's National Criminal Identification Center identified the prints not as Bah's, but rather those of Barrie. *See id.* ¶ 131.[4]

Bah alleges that the Apple and SIS misidentifications of him as Barrie and the resulting false accusations of theft led to his detention and prosecution in several municipalities, jeopardizing his application for U.S. citizenship. *See id.* ¶ 158. The Suffolk County District Attorney's Office eventually dismissed the shoplifting charge against Bah without any further intervention by Apple or SIS. *See id.* ¶ 154.

Bah initially filed a lawsuit in the Southern District of New York in April of 2019. *See Bah v. Apple Inc.*, No. 19-cv-03539 (S.D.N.Y.) (New York litigation). Following the dismissal of his Massachusetts claims from that

---

[4] Barrie's identity was also discovered by New York Police Department's Facial Identification Section following the Staten Island, New York thefts. *See id.* ¶ 132.

action for lack of personal jurisdiction, *see Bah v. Apple Inc.*, 2020 WL 614932, at *6, *7, *8 (S.D.N.Y. Feb. 10, 2020), Bah filed a second Complaint in this court on May 28, 2021, alleging four Massachusetts state-law claims jointly against Apple and SIS: (1) defamation (Counts I and II); (2) malicious prosecution (Counts III and IV); (3) intentional or negligent misrepresentation (Counts V and VI); and (4) negligence (Counts VII and VIII). On August 9, 2021, SIS moved to dismiss the Complaint, followed by Apple on August 20, 2021. Apple and SIS also moved for sanctions against Bah. For the following reasons, the court will allow the motions to dismiss and deny the motions for sanctions.

## DISCUSSION

To survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555 (internal citations omitted). A claim is facially plausible if the factual allegations in the complaint "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defamation (Counts I & II)

To prove defamation, a plaintiff must establish that "the defendant was at fault for the publication of a false statement regarding the plaintiff, capable of damaging the plaintiff's reputation in the community, which either caused economic loss or is actionable without proof of economic loss." *White v. Blue Cross & Blue Shield of Massachusetts, Inc.*, 442 Mass. 64, 66 (2004) (footnote omitted); *see also Flagg v. AliMed, Inc.*, 466 Mass. 23, 37 (2013). A conditional privilege applies to statements made for the purpose of reporting a crime to the police, *see Correllas v. Viveiros*, 410 Mass. 314, 322 (1991), or protecting a legitimate business interest (such as store security), *see Zeigler v. Rater*, 939 F.3d 385, 393 (1st Cir. 2019), which immunizes a defendant from liability unless he or she acted with malice or reckless disregard of the truth, *see Tosti v. Ayik*, 386 Mass. 721, 726 (1982).[5] Reckless disregard – the more lenient of the two standards – requires a showing of something more than mere negligence; it requires that the author of the statement "in fact entertained serious doubts as to the truth of his

---

[5] SIS's statement that this privilege is absolute rather than qualified is incorrect. *See* SIS Mot. at 6. "[T]he report of a crime is only conditionally privileged" when "defendants went to the police . . . on their own initiative and published an accusation which might otherwise never have been known." *Correllas*, 410 Mass. at 322 (collecting cases).

6

publication." *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968); *see also Murphy v. Boston Herald, Inc.*, 449 Mass. 42, 48 (2007).

In moving to dismiss, Apple and SIS assert that Bah has failed to overcome the conditional privilege shielding the reports to the various police departments regarding the thefts. Put differently, defendants argue that Bah does not adequately plead recklessness or malice because "there are no facts to support . . . that Apple knew Barrie impersonated [Bah]," Apple Mot. (Dkt # 22) at 10, or, similarly, that SIS "genuinely did not believe that the thief observed stealing merchandise" was Bah, SIS Mot. at 7. The court agrees.

Bah's allegations concerning defendants' mental state are conclusory, *see, e.g.*, Compl. ¶¶ 89, 112, 183, or unrelated to Apple's or SIS's *subjective* belief about the shoplifter's identity.[6] At best, Bah theorizes that Apple and

---

[6] One Massachusetts court has defined recklessness more broadly in the context of a false accusation of theft: "Recklessness can also be shown by a failure to verify in circumstances where verification is practical and the matter is sufficiently weighty to call for safeguards against error." *Mendez v. M.S. Walker, Inc.*, 26 Mass. App. Ct. 431, 433-434 (1988). Under this standard, Bah's theory of recklessness – namely, that defendants' reliance on a document "not valid for identification purposes" with marked differences between its description of Bah and Barrie's appearance was unreasonable – might be adequately pled.

However, "there is little to distinguish such a broad definition of [recklessness] from simple negligence," and, accordingly, the court does not adopt this disfavored "language of exceptional breadth." *Fowler v. Sohio Oil Co.*, 1990 WL 320042, at *6 n.5 (D. Mass. Jan. 9, 1990), quoting Conroy,

7

SIS likely received notice of the misidentification from the New York Police Department on November 29, 2018 – months after the Boston theft and a mere two days before the Holyoke theft – and failed to correct the error in its video surveillance database. *See id.* ¶¶ 123, 148; *see also id.* ¶ 107.[7] However, these allegations amount to no more than speculation "upon information and belief" that Apple and SIS, in the ordinary course, would have been informed of Bah's arrest and release in New York. This surmise falls well short of supporting any plausible allegation that defendants were aware of the robber's true identity.

Malicious Prosecution (Counts III & IV)

Bah's malicious prosecution claims fail on similar grounds. Under Massachusetts law, a malicious prosecution claim requires proof that the defendant, "(i) instituted criminal proceedings (ii) with malice and (iii) without probable cause, and (iv) that the proceedings were terminated in the

---

*Defamation in the Workplace: The Law of Massachusetts,* 74 Mass. L. Rev. 84, 91 (1989).

[7] Bah also characterizes the failure of Apple and SIS to retain surveillance footage of the shoplifting incidents, including the Boston theft, as reckless disregard for the truth of the accusations against him. *See, e.g.*, Compl. ¶¶ 64-70, 76. Whatever the reason for defendants' failure to retain video footage as potentially exculpatory evidence in *subsequent* legal matters, these allegations are too attenuated from defendants' subjective belief about the shoplifter's identity *at the time* of the thefts to constitute "recklessness" as defined by the tort.

accused's favor." *Limone v. United States*, 579 F.3d 79, 89 (1st Cir. 2009). While Bah was never arrested (let alone prosecuted) for the Holyoke shoplifting incident, he was criminally charged in connection with the Boston shoplifting and won a favorable termination of the case by way of a prosecutorial *nolle prosequi*. *See* Compl. ¶ 154. The court need not, however, reach the thorny first element of Bah's claim (whether as a matter of law Apple or SIS – as opposed to the Suffolk District Attorney – initiated the Boston criminal proceedings against him).

Just as Bah fails to plead actual malice in his defamation claim, he also fails to sufficiently plead that Apple or SIS acted with the requisite mental state required by the tort. Bah does not allege that Apple or SIS "knew there was no probable cause for the prosecution, and . . . acted with an improper motive." *Foley v. Polaroid Corp.*, 400 Mass. 82, 100 (1987). Rather, Bah states there were "objective reasons to doubt the accuracy of the allegation" against him, Compl. ¶ 45, as examples, "records naming a different individual from Montreal as Ousmane Bah; the absence of reliable identification; and the inconsistency between the description on the learner's permit of the Plaintiff and the impostor's own physical characteristics," *id.*

9

¶ 23.[8] As Bah's Complaint admits, SIS did not receive actual notice of the misidentification until months after Bah was charged for the Boston theft.[9] Even with a generous reading, these allegations do not plead, for instance, that SIS accused Bah of theft "primarily for a purpose other than that of properly adjudicating" the alleged crime, *G.S. Enters., Inc. v. Falmouth Marine, Inc.*, 410 Mass. 262, 273 (1991), or an "attempt[] to achieve an unlawful end or a lawful end through an unlawful means," *Beecy v. Pucciarelli*, 387 Mass. 589, 594 n.9 (1982).

Negligence (Counts VI & VIII)

Bah's claims for negligence and intentional or negligent misrepresentation also fail for several reasons. Most notably, SIS owed Bah no personal duty of care. Bah alleges in general terms that SIS (and by

---

[8] The court does not consider Bah's conclusory allegation that "[a]t the time the Boston thefts occurred . . . both Apple and SIS knew or were constructively aware that its identification of the thief as Bah was based upon unreliable evidence." Compl. ¶ 35.

[9] Bah does not allege that Apple or SIS committed any affirmative act to preserve or encourage the continuance of the Boston prosecution after they received actual notice of Bah's misidentification. *See Limone*, 579 F.3d at 91 (noting that "[t]he SJC has left open the possibility that an individual may be held liable for malicious prosecution if he pursues a prosecution after it has become clear to him that there is no probable cause to support it," but indicating "that the mere provision of false information cannot alone ground a malicious continuation finding" and that, instead, "[m]ore is required, such as an insistence that the prosecution go forward even after it has become clear that probable cause is lacking").

10

extension Apple) owed him a duty to conduct a reasonable inquiry concerning any allegation of theft, to avoid making a false accusation of theft, and to correct mistaken information in their records. *See* Compl. ¶¶ 211, 215. In making a reasonable inquiry, "[a]n investigator's duty runs to the person or entity on whose behalf the investigation is conducted, not to the person being investigated." *O'Connell v. Bank of Boston*, 37 Mass. App. Ct. 416, 419 (1994) (citations omitted). Even if, as alleged here, "the investigation results in ill-founded allegations or charges of criminal conduct . . . . the law makes [other] remedies available – actions for defamation, malicious prosecution, tortious infliction of emotional distress – albeit under very circumscribed conditions." *Id.* at 419-420. Accordingly, while an "individual falsely accused is thus not remediless," that remedy does not lie in a claim of negligence. *Id.* at 420.

Likewise, the duty of care in a misrepresentation claim runs to the misled party, not to the subject of the misrepresentation. *See Zimmerman v. Kent*, 31 Mass. App. Ct. 72, 77 (1991) ("To sustain a claim of misrepresentation, a plaintiff must show a false statement of a material fact made to induce the plaintiff to act, together with reliance on the false statement by the plaintiff to the plaintiff's detriment."); *see also Sebago, Inc. v. Beazer E., Inc.*, 18 F. Supp. 2d 70, 86 (D. Mass. 1998) (requiring that

11

defendant "intended, or had reason to expect, that on repetition, the statements would influence Plaintiff's conduct" to support a claim for misrepresentation to third parties), quoting *Reed Paper Co. v. Procter & Gamble Distrib. Co.*, 807 F. Supp. 840, 845 (D. Me. 1992). Of equally fatal consequence to Bah's claim, the tort of misrepresentation, as defined under Massachusetts law, applies only in a business context. *See Sampson v. MacDougall*, 60 Mass. App. Ct. 394, 400 (2004). There is no plausible allegation that Bah was engaged in any business dealings with SIS (or Apple), or being anything other than an interested bystander to the dealings between the two defendants.

Sanctions

Under Rule 11, a court may "impose sanctions on a party or lawyer for advocating a frivolous position, pursuing an unfounded claim, or filing a lawsuit for some improper purpose." *CQ Int'l Co. v. Rochem Int'l, Inc. USA*, 659 F.3d 53, 60 (1st Cir. 2011). A frivolous claim is "either not well-grounded in fact or unwarranted by existing law or a good faith argument for an extension, modification or reversal of existing law." *Cruz v. Savage*, 896 F.2d 626, 632 (1st Cir. 1990). "[T]he mere fact that a claim ultimately proves unavailing, without more, cannot support the imposition of Rule 11

12

sanctions." *CQ Int'l Co.*, 659 F.3d at 60, quoting *Protective Life Ins. Co. v. Dignity Viatical Settlement Partners, L.P.*, 171 F.3d 52, 58 (1st Cir. 1999).

Apple and SIS, seeking attorneys' fees and reimbursement for costs, argue that sanctions are warranted against Bah because document discovery in the New York litigation "leaves no question that the allegations in the [instant] Complaint are false." Apple Mot. for Sanctions (Dkt # 24) at 2. Defendants refer to certain documents implying that Bah knew of Barrie's shoplifting and did not disclose that information to the police.

Yet the circumstances here do not establish the "culpable carelessness" that "is required before a violation of the Rule can be found." *CQ Int'l Co.*, 659 F.3d at 60, quoting *Citibank Global Mkts., Inc. v. Santana*, 573 F.3d 17, 32 (1st Cir. 2009). Bah filed duplicative actions in this and other courts because his claims had been dismissed for lack of personal jurisdiction, and not because of preclusion on the merits. And even though Bah amended his complaint in the New York litigation to abandon his theory of malice, he still pled alternative — albeit unsuccessful — theories of liability in this case, including recklessness. Nor has there been any disposition on the merits in the New York litigation to put Bah on notice that his claims or theories have been adjudged frivolous by a court.

Bah, in turn, asks the court to sanction Apple and SIS for bringing the motion for sanctions. While the court notes that Apple and SIS appear to be using the motions as a vehicle to prematurely present evidence outside the Complaint in support of the motion to dismiss, *see* Apple Sanctions Mot. at 2 ("Plaintiff and his counsel included in the Complaint myriad allegations that they know are false based on document discovery they either produced or received in a parallel action involving these same general events."), the court cannot say that the motions for sanctions are so baseless, frivolous, or outlandish as to trigger Rule 11 sanctions where, as here, the court has otherwise determined that the pleadings fail to survive a motion to dismiss. Accordingly, it denies both parties' request for sanctions.

## ORDER

For the foregoing reasons, Apple's and SIS's motions to dismiss are <u>ALLOWED</u>, while the reciprocal motions for sanctions are <u>DENIED</u>.

SO ORDERED.

/s/Richard G. Stearns
UNITED STATES DISTRICT JUDGE